# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN ROBERT PFUETZE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 10-1139-CM-GLR** |
| ) | |
| **STATE OF KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff John Robert Pfuetze brings this civil rights action, *pro se* and *in forma pauperis*, against some thirty-five defendants. His ninety-seven-page complaint sets out eighteen counts, arising out of his arrest, detention, and subsequent proceedings related to a municipal case in Wichita, Kansas. Before the court are numerous motions. In this order, the court addresses the following motions, all of which seek dismissal with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4) and/or (5):

Defendant Ted R. Griffith's Motion to Dismiss (Doc. 45);

Defendant Guard Ms. [FNU] Jackson's Motion to Dismiss (Doc. 47);

Defendant Jan Jarman's Motion to Dismiss (Doc. 49);

Defendant Mary McDonald's Motion to Dismiss (Doc. 51);

Defendant, Officer Edward "Ed" Naasz's Motion to Dismiss (Doc. 53);

Defendant Michael K. O'Brien's Motion to Dismiss (Doc. 55);

Defendant Lt. Or Sgt. Phelp's [sic] Motion to Dismiss (Doc. 57);

Defendant Gary Rebenstorf's Motion to Dismiss (Doc. 59); and

Defendant Guard W.D. Stanley's Motion to Dismiss (Doc. 61).

The lawsuit, filed May 4, 2010, named, among others, the above-referenced nine defendants in both their official and individual capacities. Plaintiff, through the United States Marshals, sent the summons and complaint by certified mail to each of the named defendants, along with their title or department, at "455 N. Main, [specific floor number], Wichita, Kansas 67202." Each summons and complaint was signed for by Shone Ivie, an employee of the City's Express Office, located on the first floor of City Hall. No request for waiver of service was included in the documents served. Each of these summonses returned executed, (Docs. 8–17), and defendants' answers were due on July 2, 2010.

According to defendants in these motions to dismiss, filed July 1, 2010, the City Express Office is part of the City of Wichita's Finance Department, and Ms. Ivie is not an agent authorized to receive service of process for any of the defendants. Nor did plaintiff attempt to serve these defendants personally, or at their respective dwelling houses or places of abode. Defendants argue that, because of insufficient service and service of process, the court lacks personal jurisdiction over them and the claims against them must be dismissed.

In his responses to each of the defendants' nine motions (Docs. 94–102), plaintiff notes his *pro se* status. He describes and distinguishes the cases cited by defendants. As to defendants' allegations that no request for waiver of service was included in the documents served, plaintiff states: "If this allegation is both true and important, we are sorry that it happened." (*E.g.*, Doc. 94, at 3.) Similarly plaintiff apologizes if the allegation that he failed to comply with Federal Rule 4 is true. He notes that, despite the court's Order of May 7, 2010 (Doc. 5), requiring that he provide summonses with address information for each defendant, the City refused to release home addresses

for any of the defendants.[1] Finally, plaintiff "acknowledges that the address[es] he provided may have been less than perfect" but that he believes there are "many different solutions different from dismissing the defendant." (*E.g.*, Doc. 94, at 4.)

A federal court is without personal jurisdiction over a defendant if service of process is found to be insufficient under Rule 4. *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994). The burden of proof is on plaintiff to establish the adequacy of his service of process. *Id.* at 1349.

Pursuant to Rule 4(e),

"Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, . . . may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Kansas law allows for service upon an individual by certified mail to that individual's "dwelling house or usual place of abode," Kan. Stat. Ann. §§ 60-303(c), 60-304(a), but does not allow service by certified mail to a business address, unless and until the "certified mail to the individual's dwelling house or usual place of abode is refused or unclaimed." Kan. Stat. Ann. § 60-304(a). In the latter event such service is permitted only "after filing a return on service stating the certified mailing to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed." Kan. Stat. Ann. § 60-304(a)[2]; *see also Oltremari*, 871 F. Supp. at 1349.

---

[1] Plaintiff asserts that he has a letter from the Wichita Department of Law to this effect.

[2] Kan. Stat. Ann. § 60-304 was amended by Kan. Pub. L. 2010, Ch. 135, Sec. 148. HB 2656,
(continued...)

The court would note that, generally speaking, a Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery. *See* 871 F. Supp. at 1349 (citing *Blue Ocean Lines v. Universal Process Equip., Inc.*, No. 93 Civ. 1722 (SS), 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993)). Here, the challenge is to the method. Furthermore, a Rule 12(b)(4) motion should "be granted only when the defect is prejudicial to defendant," 871 F. Supp. at 1349 (citation omitted), and in this case, no individual defendant has shown the alleged defect to be prejudicial. The court overrules the motions to dismiss to the extent they seek dismissal under Fed. R. Civ. P. 12(b)(4). However, defendants' objections to the mode or delivery of the summonses and complaints is properly raised under Rule 12(b)(5).[3]

Plaintiff's *pro se* status does not excuse his obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). And, under these facts, plaintiff's *in forma pauperis* status does not permit this court to overlook deficiencies in service or attribute such deficiencies to others. 871 F. Supp. at 1350; *Garland v. State of Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 n.2 (D. Kan. Jan. 31, 1994) (holding that "a party proceeding *in forma pauperis* is entitled to rely on the United States Marshal for service of the summons and complaint" and that dismissal is not an appropriate remedy for failure of service unless the defects result from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff; instead, the clerk's office and Marshals should correct the defect and effect service); *see also* Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d) (1996).

---

[2] (...continued)
appr. May 13, 2010. The amendments resulted in no substantive changes to the statute.

[3] The court notes that defendants do not cite Rule 12(b)(2) as a basis for any of their motions to dismiss.

The court finds that plaintiff failed to meet the technical requirements of Rule 4 as to the named defendants, because no defendants waived service; defendants were not personally served; each summons and complaint was sent by certified mail to each of these defendants at their place of employment, not at their usual place of abode; and the city employee who signed for the certified mail was not an agent authorized to accept service of process on behalf of these defendants.

However, Kansas requires only substantial compliance with service of process requirements. *Myers v. Board of County Com'rs of Jackson County*, 127 P.3d 319, 325 (Kan. 2006). The question of whether service of a summons and complaint by certified mail on an individual at his or her place of employment constitutes substantial compliance appears to be an unsettled question in Kansas, and one which has resulted in conflicting opinions in this district. *See Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271 (D. Kan. 2006) (holding service invalid, and did not substantially comply, where copy of summons and complaint sent certified mail to defendant police chief at business address, without demonstrating that service had been attempted and refused at dwelling house or usual place of abode; however, court would extend time for proper service). *But see Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1094–97 (D. Kan. 2007) (finding *Fulcher* "unpersuasive" on same facts given amendment of Kan. Stat. Ann. § 60-304(a) and subsequent Kansas appellate court cases, and determining that service by certified mail at place of employment, and not at dwelling or place of abode—while technically insufficient, constitutes substantial compliance; court would ignore irregularities and find service sufficient).

The undersigned has concluded that, under Kansas law, service by certified mail on an individual at her place of business constitutes substantial compliance with the requirement for service of process on an employee who was sued individually. *Ledbetter v. City of Topeka*, 112 F. Supp. 2d 1239, 1245 (D. Kan. 2000) (holding that, although not a "model" approach, plaintiff's

service of defendant at her place of business via certified mail constituted substantial compliance with service requirements where defendant received actual notice of the lawsuit); *accord Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1094–97 (D. Kan. 2007) (same).

In this case, there is no suggestion that the mailed copies of the summons and complaint did not actually reach the above-named defendants. *Kansas Bd. of Regents v. Skinner*, 987 P.2d 1096, 1099 (Kan. 1999) (holding that a defendant's awareness of the lawsuit must specifically arise from [substantially compliant] service of process); *see* Kan. Stat. Ann. § 60-203. Furthermore, the court finds that the above-named defendants have not been denied due process. *Ames v. Uranus, Inc.*, No. 92-2170-JWL, 1993 WL 144590, at *2 (D. Kan. Apr. 13, 1993) (citing *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945–46 (10th Cir. 1987)) (noting that courts should generally overrule technical objections to service of process when the defendant has not been denied due process). They have received notice of the suit, presumably by way of the technically insufficient service, and defendants have demonstrated, by way of the instant motions, their ability to defend this action. *See, e.g.*, *Campbell v. Bartlett*, 975 F.2d 1569, 1575 (10th Cir. 1992) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), for the proposition that due process requires that the form of notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Where, as here, a *pro se* plaintiff has failed to meet the technical requirements of service, but has substantially complied with those requirements and where, as here, defendants allege no prejudice resulting from any deficiencies in service, and where, as here, defendants received actual notice and have not been denied due process, the court does not believe that dismissal would be the appropriate remedy, let alone dismissal with prejudice, as defendants request.

For the above reasons, and consistent with the tenet that courts prefer to decide cases on their

merits rather than technicalities, *see, e.g., Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982), the court ignores the technical defects in the service of process, and considers defendants properly served. *See* Fed. R. Civ. P. 4(m). Defendants' motions (Docs. 45, 47, 49, 51, 53, 55, 57, 59, and 61) are therefore denied. The court notes that the above-named defendants are all represented by the same counsel. The manner in which defendants filed these nine motions, which are essentially identical, was inefficient and resulted in a burden on the court and, presumably, on plaintiff. In the future, where possible, such motions should be filed jointly.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss (Docs. 45, 47, 49, 51, 53, 55, 57, 59, and 61) are denied.

**IT IS FURTHER ORDERED** that defendants are considered properly served as of the date of this order; the time within which defendants must answer will commence upon this date.

Dated this 7th day of September 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**