# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN ROBERT PFUETZE,

        Plaintiff,

v.

        CIVIL ACTION

        No: 10-1139-CM-GLR

STATE OF KANSAS,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, seeks damages against numerous defendants including the State of Kansas pursuant to 42 U.S.C. § 1983 arising from a municipal arrest and prosecution. This matter comes before the Court on three Motions to Stay Discovery (docs. 35, 69, and 73). The first motion to stay was filed by Defendant State of Kansas on June 17, 2010. The second motion to stay was filed by defendants Linda Sorrell and Keith Lawing on July 11, 2010. The third motion to stay was filed by defendant Simons on July 11, 2010. The motions request an order staying all proceedings under Fed. R. Civ. P. 26, including the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), scheduling conference, discovery and all other Rule 26 activities, pending a ruling on their respective pending motions to dismiss. On July 9, 2010, Plaintiff filed a response (docs. 81 and 82) in opposition to the motion to stay filed by Defendant State of Kansas. On August 25, 2010, he filed responses in opposition (docs. 111- 114) to the second and third motions to stay discovery. As set forth below, the motions to stay are granted.

The general policy in this district is not to stay discovery even though dispositive motions are pending.[1] However, a court may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

Another basis for staying discovery is based upon a defendant's assertion of an immunity defense in a dispositive motion.[3] Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

Defendant State of Kansas has filed a Motion to Dismiss (doc. 33) asserting Eleventh Amendment immunity. It requests that the Court stay discovery and pretrial proceedings until that motion is resolved. It argues that a ruling on the motion will likely conclude Plaintiff's action against them and because discovery will not provide any information that could possibly affect the

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[4] *Id.*

[5] *Id.*

[6] *Id.*; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

2

outcome of the ruling on the Motion to Dismiss because the issues raised in the motion are questions of law, not of fact. It asks the Court to stay discovery until the pending immunity issues have been resolved.

Defendants Sorrell and Lawing and Simons have also filed Motions to Stay Discovery Because of Qualified Immunity (docs. 69 and 73). They move the Court to stay discovery as to all claims against them in this matter because they are entitled to qualified immunity as asserted in their motions to dismiss (docs. 67 and 71).

Plaintiff opposes the motions to stay discovery, but has not articulated any reason why a stay is not appropriate given the Eleventh Amendment and qualified immunity defenses raised by these defendants in their motions to dismiss. In his responses, Plaintiff instead makes arguments relating to the substance of the pending motions to dismiss.

Under the standards set forth above, the Court finds a stay of pretrial proceedings and discovery is appropriate. Defendant State of Kansas has raised issues as to Eleventh Amendment immunity in its pending Motion to Dismiss. Defendants Sorrell and Lawing and Simons have raised issues of qualified immunity in their respective Motions to Dismiss (docs. 67 and 71).

**IT IS THEREFORE ORDERED** that the Defendant State of Kansas' Motion to Stay Discovery (doc. 35), Motion by Defendants Sorrell and Lawing to Stay Discovery Because of Qualified Immunity (doc. 69), and Motion by Defendant Simons to Stay Discovery Because of Qualified Immunity (doc. 73) are GRANTED. All pretrial proceedings and discovery are hereby stayed, pending a ruling upon the Motions to Dismiss filed by defendants State of Kansas (doc. 33), Sorrell and Lawing (doc. 67) and Simons (doc. 71).

**IT IS FURTHER ORDERED THAT** Plaintiff's requests for oral argument on the Motions to Stay Discovery is DENIED.

Dated in Kansas City, Kansas on this 14th day of September, 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge